IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEONG SONG and JAE BAK BAE, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> JFE FRANCHISING INC., AND JIM KIM <br><br> *Defendant*. | CIVIL ACTION NO.: _____ <br> JURY DEMANDED <br> COLLECTIVE ACTION |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

SEONG SONG and JAE BAK BAE ("Plaintiffs"), individually and on behalf of all others similarly situated, file this lawsuit as a collective action against JFE FRANCHISING INC. and JIM KIM ("Defendants") to recover back pay, unpaid overtime wages, lost wages, liquidated damages, interest, costs, and attorneys' fees, and for cause of action would show the following:

### I. NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") to correct unlawful employment practices, including Defendants' failure to abide by wage and hour laws. This collective action seeks to recover back pay, unpaid overtime wages, lost wages, liquidated damages, and other damages owed by Defendants to their current and former

employees.

## II. JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendants and the Plaintiffs transacted business within this judicial district and the events or omissions giving rise to this Complaint occurred in this district.

## III. THE PARTIES

4. Plaintiff Seong Song (hereinafter "Mr. Song") is an individual residing in Harris County, Texas. Mr. Song is a former employee of Defendants. Plaintiff brings his federal back pay and overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue. Mr. Song's notice of consent to join this collective action is attached hereto as Exhibit "A" and is incorporated herein.

5. Plaintiff Jae Bak Bae (hereinafter "Mr. Bae") is an individual residing in Harris County, Texas. Mr. Bae is a former employee of Defendants. Plaintiff brings his federal back pay and overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue. Mr. Bae's notice of consent to join this collective action is attached hereto as Exhibit "B" and is incorporated herein.

6. Defendant JFE Franchising Inc. (hereinafter "JFE") is a franchise licensing company that is headquartered in Houston, Texas and may be served with process through its registered agent Stacy Kwon at 2021 Bingle Road, Houston, Texas 77055.

7. Defendant Jim Kim (hereinafter "Mr. Kim") is an individual residing at 231 Bryn Mawr Cir, Houston Texas 77024. Mr. Kim is the Chairman and shareholder of Defendant JFE that is

headquartered in Houston, Texas.

## IV. FACTS

8. At all times relevant to this lawsuit, Defendant JFE was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

9. Defendant JFE is a Houston, Texas headquartered franchising company.

10. At all material times, Defendant JFE, employed two or more employees and its annual revenues exceeded $500,000 in each of the last five years.

11. Defendant, Jim Kim, is an individual who at all times relevant to this matter acted directly and indirectly in the interest of Defendant JFE, in relation to the Plaintiffs; therefore, is a joint employer as defined by 29 U.S.C. § 203 (d).

12. Defendant, Jim Kim, (1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, is a statutory employer under the FLSA.

13. Defendants employed Plaintiffs and other similarly situated employees at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

14. In performing their duties for Defendants, Plaintiffs and other similarly situated employees were engaged in commerce or in the production of goods for commerce.

15. Plaintiffs and other similarly situated employees were employed in an enterprise engaged in commerce or in the production of goods for commerce.

16. Defendant JFE is engaged in franchising sushi kiosk's in retail grocery chains across the United States.

17. The Plaintiff Mr. Song was initially hired by Defendants without having an established formal position but it was promised after his initial three-month probation, a formal position would be established. Mr. Song understood at all material times that the position would be a Data Analyst. Mr. Song was advised that he would be on probation for the first three months of his employment and during this probation period he was required to do any type of work that was asked of him including, but not limited to, working in the warehouse, making sushi, conducting store visits and writing reports. Instead, Mr. Song's probationary period lasted almost 5 months after which he was finally placed in the formal position of Data Analyst. As a Data Analyst, Mr. Song was required to analyze sales data across the country for all stores. While Mr. Song was employed at JFE there were approximately 500-600 stores.

18. During Mr. Song's tenure at JFE he was instructed to do other tasks that were not part of his job description and was in no way connected with his duties as a Data Analyst. This included, but not limited to, washing dishes, cooking rice and serving at the store locations. When serving in these other roles, Mr. Song would work more than 40 hours per each workweek. Mr. Song was required to travel to assist in opening new stores. He was required, including but not limited, to cook rice, make sushi, wash dishes, clean up and serve customers at the stores. He was even to required assist with cleaning up, serving and preparing for private functions hosted by Executives of JFE at their homes. These extra duties were completely unrelated to his function as Data Analyst and would result in working in excess of the required 40 hours per each workweek.

19. The Plaintiff, Mr. Bae was employed by Defendants in Research and Development as an Executive Chef. Mr. Bae understood his job function to be researching new products and developing new menus for JFE. He understood that he would also be responsible for training new franchisees two times per month at the Sushi Academy which is located at JFE's headquarters.

20. It was upon accepting the position as Executive Chef that Mr. Bae became aware that he would be required to do other jobs, unrelated to his position as Executive Chef. These additional duties included but is not limited to travelling to new stores to make sushi, serving customers and cleaning and preparing for executive visits to the franchisee stores. This required Mr. Bae to do a lot of unexpected travelling and while he travelled he worked in excess of 40 hours per each workweek and on some occasions he worked 60 hour weeks doing work completely unrelated to his role as Executive Chef.

21. Additionally, Mr. Bae was made to perform duties of a personal chef for Executives of JFE and was asked, including but not limited, to assist in set up for private functions, serving and cleaning up thereafter. These private functions were hosted by Executives of JFE at their homes and would often be on weekends and after working hours. Mr. Bae was required to perform all these extra duties which would result in him working in excess of 40 hours per each workweek.

22. The Plaintiffs did not have the authority to hire or fire other employees and did not manage the enterprise, or manage a customarily recognized department or subdivision of the enterprise. They did not direct the work of any other full-time employee. The Plaintiffs spent time doing tasks that were not part of their job description nor within their field of experience or knowledge such as, including but not limited to, washing dishes, cleaning up after functions, making sushi and serving at the store locations. The Plaintiffs were required to do mainly routine manual and physical work. However, they were paid as exempt employees on salaried basis without payment for overtime as required pursuant to the Fair Labor Standards Act.

23. Plaintiffs customarily and regularly worked many hours in excess of forty (40) hours per each workweek. In performing non-exempt duties, Plaintiffs routinely worked more than fifty (50) hours per workweek.

24. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per each workweek and were paid in a fashion similar to Plaintiffs.

25. The work performed by Plaintiffs and other similarly situated employees was within Defendants' knowledge and control. Defendants set Plaintiffs' and similarly situated employees' schedules, assigned work, and supervised their work.

26. Plaintiffs and similarly situated employees were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. Defendants did not pay Plaintiffs and similarly situated employees one and one half times their regular rates of pay for hours worked in excess of forty (40) per week, save and expect on one occasion during the period February to March 2017 when the Defendants paid the Plaintiffs' for overtime related to a trip to Alaska.

27. Defendants did not accurately record and report the number of hours worked by the Plaintiffs and failed to properly pay Plaintiffs for hours over forty (40) hours a week. Plaintiffs know other employees who were paid in the same way that they were paid -a flat salary- without proper overtime pay.

### V. FIRST CAUSE OF ACTION: OVERTIME VIOLATIONS

28. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

29. Plaintiffs and other similarly situated employees were engaged in nonexempt hourly work, as set forth above.

30. As non-exempt employees, Plaintiffs and other similarly situated employees were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each workweek.

31. Defendants failed to pay Plaintiffs and other similarly situated employees at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each workweek without legal excuse and in violation of the FLSA 29 U.S.C. § 207.

32. As a result, Plaintiffs and other similarly situated employees did not receive the compensation they were legally entitled to receive.

33. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' and other similarly situated employees' rights.

34. As a result of Defendants' willful violations of the FLSA, Plaintiffs and other similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, lost wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI. SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

35. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

36. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c); 29 C.F.R. pt. 516.

37. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

## VII. COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

39. Upon information and belief, many other similarly situated employees employed by Defendants over the last three (3) years have been victimized by Defendants' violations of the FLSA.

40. As set forth above, Plaintiffs are aware of other employees who perform similar work for Defendants.

41. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b). The class is properly identified as:

> All employees who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per each workweek.

42. Defendants' practice of not paying employees similarly situated to Plaintiffs at one-and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each workweek is in direct violation of the FLSA.

43. As a result of Defendants' willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, lost wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VIII. AMOUNT DUE NOT KNOWN

44. The records concerning the number of excess hours worked by each Plaintiff and the compensation they received are in the exclusive possession and control of the Defendants, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken in this cause, and Plaintiffs will then seek leave to amend their complaint accordingly.

## IX. JURY DEMAND

45. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submits the jury fee.

## X. PRAYER

46. For the reasons set forth above, Plaintiffs and similarly situated employees respectfully pray that the Defendants be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. judgment awarding Plaintiffs and similarly situated employees all back pay, unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. all such other and further relief to which Plaintiffs and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,
TB Robinson Law Group, PLLC

Terrence B. Robinson,
Attorney In Charge for Plaintiffs
Fed. Bar No. 14218
Texas Bar No. 17112900
Email: TRobinson@TBRobinsonlaw.com
Shalini Khan-Ali
Fed. Bar No. 3065091
Texas Bar No. 24102012
Email: SKhan-Ali@TBRobinsonlaw.com
1616 S. Voss Rd., Suite 870
Houston, Texas 77057
Phone: (713) 568-1723

Facsimile: (713) 965-4288
**ATTORNEYS FOR PLAINTIFFS**