IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEONG SONG and JAE BAK BAE, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-01775 |
| JFE FRANCHISING INC., and JIM KIM | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' AMENDED MOTION TO CONDITIONALLY CERTIFY
A COLLECTIVE ACTION AND TO ISSUE NOTICE**

Defendants JFE Franchising Inc. ("JFE") and Jim Kim ("Kim") (JFE and Kim are collectively referred to as "Defendants") file this Response to the Amended Motion to Conditionally Certify a Collective Action and to Issue Notice [docs. #29-30] ("Plaintiffs' Motion") filed by Plaintiffs Seong Song, Jae Bak Bae, Matthew Kim and Jonathan Olvera (collectively, "Plaintiffs") and state as follows:

## I. SUMMARY OF THE ARGUMENT

Conditional certification is not automatic, and while the evidentiary burden on a plaintiff requesting conditional certification and notice is not onerous, neither is it invisible.

Plaintiffs would attempt to have it otherwise. They ask the Court to conditionally certify a vaguely defined and overbroad class based on a conditional-certification record that is very nearly non-existent. The record consists of only: (1) the factual allegations contained in the Second Amended Complaint; and (2) Plaintiffs' self-serving and conclusory

1

declarations. If a plaintiff's burden on a request for conditional certification, lenient as it may be, is a burden at all, it must require more than the meager support offered in Plaintiffs' Motion.

Plaintiffs' Second Amended Complaint and their four (4) materially identical two (2) page declarations are not enough to prove the existence of individuals similarly situated. It is not enough to prove that, if such individuals exist, they want to join Plaintiffs' lawsuit. And it is, therefore, not enough to warrant imposing on a defendant the burden and expense associated with litigating a case on a collective basis. For these reasons, and as is set forth in detail below, Plaintiffs' Motion should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO ESTABLISH THAT A CLASS SHOULD BE CONDITIONALLY CERTIFIED AND NOTICE AUTHORIZED

#### 1. Applicable Legal Standard

Section 16(b) of the Fair Labor Standards Act (the "FLSA") provides that a plaintiff may file a lawsuit on "behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). A court may implement the FLSA's collective action procedure by conditionally certifying a class and facilitating notice to putative class members if it determines that the plaintiff and the putative class members are "similarly situated." *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). To make this determination, this Court, like most courts, employs the two (2) stage *Lusardi* approach. *Guzman v. Varco Int'l, Inc.*, No. Civ.A. H-01-4000, 2002 WL 32639237, at *2 (S.D. Tex. May 30, 2002).

Here, only the first Lusardi stage, the "notice stage," is in issue. At this stage, Plaintiffs' request for conditional certification and notice must be denied unless it is supported by evidence establishing each of the following three elements:

1. There is a reasonable basis for crediting plaintiff's assertion that aggrieved individuals exist; and

2. Those aggrieved individuals are similarly situated to him in relevant respects given the claims and defenses asserted; and

3. Those individuals want to opt in to the lawsuit.

*Lipnicki v. Meritage Homes Corp.*, No. 3:10-CV-605, 2014 WL 5620603, at *2 (S.D. Tex. Nov. 4, 2014) (Costa, J.).[1]

While a plaintiff's burden at the notice stage is not onerous, neither is it invisible. *Songer v. Dillon Resources, Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008). "Substantial allegations" of the sort that must be established by a plaintiff to warrant conditional certification and notice are allegations that are supported by evidence. *See Cantu v. Vitol, Inc.*, No. H-09-0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (Rosenthal, J.) ("Although lenient, this standard requires a factual basis for [the plaintiff's] allegations."); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507-08 (finding that plaintiffs must offer evidence of "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].").

---

[1] *See also Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703, 720 (S.D. Tex. 2014) (Ellison, J.); *Shanks v. Carrizo Oil & Gas, Inc.*, No. 4:12-CV-3355, 2013 WL 6564636, at *3 (S.D. Tex. Dec. 11, 2013) (Harmon, J.); *Jones v. Xerox Commercial Solutions, LLC*, No. 4:13-cv-650; 2013 WL 5945652, *3 (S.D. Tex. Nov. 6, 2013) (Atlas, J.); *Morales v. Thang Hung Corp*, No. 4:08-cv-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009) (Miller, J.); *Aguirre v. SBC Communications, Inc.*, No. Civ.A. H-05-3198, 2006 WL 964554, *6 (S.D. Tex. Apr. 11, 2006) (Rosenthal, J.)

Courts in the Southern District of Texas routinely deny motions for conditional certification and notice when such motions lack adequate evidentiary support. *See, e.g., Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) ("One affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most efficient way to proceed with this litigation. [Plaintiff] needs to show more, and unless and until he does, the court will not certify the collective action."); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (Atlas, J.) ("[Plaintiff's] reliance on merely his own allegations that the putative class members exist and together were the victims of a single decision, policy, or plan is insufficient to meet his burden on this third criterion for conditional certification and notice.").

**2. No Class May Be Certified Because Plaintiffs Are Not Similarly Situated To The Putative Class Members**

A plaintiff is similarly situated to members of a putative class when he and the putative class members have the same or substantially similar job requirements and pay provisions. *Shanks*, 2013 WL 6564636, at *3; *see also Morales*, 2009 WL 2524601, at *3 ("A finding of similarly situated employees does not require a showing of identical duties and working conditions across the entire group … However, it does require a minimal showing that all members of the class are similarly situated in terms of job requirements and pay practice.") Thus, in order to satisfy their burden, Plaintiffs' Motion must be supported by evidence allowing the Court to compare their job requirements and pay provisions to the job requirements and pay provisions of the members of the class he seeks to represent. **The conditional-certification record here contains NO such evidence.**

The only "evidence" Plaintiffs offer in support of their assertion that they are similarly situated to the putative class members are their own declarations. (See Plaintiffs' Motion, Exs. 1-3 and Doc. #30.) This is even more troubling given that this case has been on file for almost twelve (12) months. As a preliminary matter, the Court should disregard these declarations because they are conclusory and set forth unsupported allegations without any meaningful details on the facts of how Plaintiffs came to have personal knowledge of the matters set forth therein or the identity of the putative class members they supposedly spoke with. *See Shanks*, 2013 WL 6564636, at *2, 4 (disregarding "conclusory declaration with unsupported allegations" submitted in support of motion for conditional certification); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV- 1831, 2013 WL 5372529, at *6 (S.D. Tex. Sept. 24, 2013) (Harmon, J.) (same). Plaintiffs' declarations are so vague that all references to conversations with other "Salaried Employees," as defined in Plaintiffs' Motion, could simply be the Plaintiffs speaking to each other. (*See* Plaintiffs' Motion Ex. 1, ¶ 14, Ex. 2, ¶ 17, Ex. 3, ¶ 14 and Doc. #30, ¶ 14.)

Even if it were appropriate to consider Plaintiffs' declarations, there still would remain no evidence of Plaintiffs being similarly situated to the members of the class they seek to conditionally certify. **This is because the declarations contain absolutely NO information about the job requirements of the putative class members.** (*See* Plaintiffs' Motion, Exs. 1-3 and Doc. #30.)  Further, an examination of Plaintiffs' declarations demonstrates that Plaintiffs' are not even similarly situated. Plaintiff Jae Bae Bak worked for JFE as an Executive Chef and was responsible for researching new products, developing menus, and training franchisees on JFE's products. (*See* Plaintiffs' Motion Ex. 1, ¶¶ 3-4.)

Plaintiff Matthew Kim worked in numerous positions at JFE; he was a Floating Employee who trained in different areas of JFE's franchising, a Food Safety Manager responsible for ensuring the safety and quality of JFE's food products, a Data Research Manager responsible for reviewing data from JFE's franchise locations, and a Project Manager responsible for overseeing specific projects as assigned by his supervisor. (*See* Plaintiffs' Motion Ex. 2, ¶¶ 2-7.) Plaintiff Jonathan Olavera was JFE's Warehouse Manager responsible for overseeing shipping, stocking, and ordering operations as well as maintaining warehouse inventory. (*See* Plaintiffs' Motion Ex. 3, ¶¶ 3-4.) Plaintiff Seong Song worked as a Data Analyst for JFE and was responsible for analyzing data from JFE's stores. (*See* Doc. #30, ¶¶ 3-4.) Thus, **Plaintiffs cannot show they are similarly situated to putative class members here as there is absolutely NO evidence in the record demonstrating the job duties and requirements for the putative class members and Plaintiffs' job requirements and duties are entirely distinct**.

In the absence of evidence about whether Plaintiffs' job requirements are similar or dissimilar to the job requirements of the putative class members, there is no basis for a finding that Plaintiffs are similarly situated to the putative class members and, therefore, no basis on which the Court may determine that conditional certification and notice are appropriate. *See Theriault v. WM&B, LLC*, No. H-06-00206, 2006 WL 6584399, at *2 (S.D. Tex. Aug. 18, 2006) (Ellison, J.) (denying conditional certification, in part, because the plaintiff's affidavit did not contain information about "what duties were performed by the [putative class members], what wages they were paid, or what hours they kept"); *Vasquez v. American Bor-Trench*, No. 4:12-CV-3181, 2014 WL 297414, at *4 (S.D. Tex. Jan. 23, 2014)

(Harmon, J.) (denying conditional certification, in part, because the plaintiff's affidavit did "not explain how other putative class members [were] similarly situated to him in terms of job requirements").

Lacking the evidence necessary to establish any similarity between Plaintiffs and the putative class members' job requirements, Plaintiffs ask the Court to excise from their burden the requirement that they prove such similarity. Plaintiffs argue that they should be permitted to meet their burden by establishing that they are similarly situated either with respect to job requirements or with respect to pay provisions. (*See* Plaintiffs' Motion, at 11-12.) There are two (2) problems with Plaintiffs' argument:

First, it is legally incorrect. A plaintiff is not similarly situated to members of a putative class simply because his claims are based on a pay policy that was generally applicable to both him and the putative class. *See Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 880 (E.D. La. 2008) ("[T]he named plaintiffs have failed to show how they are similarly situated to potential opt-in plaintiffs nationwide. While the named plaintiffs and potential opt-in plaintiffs may all have been denied overtime payments, the similarity ends there."); *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 787 (N.D. Ill. 2007) ("There must be a demonstrated similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated ...."). Plaintiffs have identified no authority to the contrary. **Under the FLSA, courts unambiguously hold that analysis of whether a plaintiff is similarly situated to putative class members requires evaluation of both job requirements and pay provisions**. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824-25 (N.D. Tex. 2007) ("For the class representative to be considered similarly situated to the

7

potential opt-in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions.").

Second, there is no evidence that Plaintiffs and the members of the putative class are similarly situated with respect to pay provisions. The record contains nothing more than Plaintiffs' allegations regarding the manner in which they were paid. The record is silent on how other putative class members were paid other than Plaintiffs' vague and conclusory declaration that they each knew "other Salaried Employees, who, like me, worked a similar number of hours and were classified as exempt and not subject to overtime pay." (*See* Plaintiffs' Motion Ex. 1, ¶ 13, Ex. 2, ¶ 16, Ex. 3, ¶ 13 and Doc. #30, ¶ 13.) Plaintiffs do not define the term "Salaried Employees" in their declarations and it is unclear whether they are even referring to putative class members or their co-Plaintiffs. Nothing is specified on how any putative class member is paid. Plaintiffs' vague and conclusory declarations are simply not an appropriate basis for a finding that individuals are situated similarly. *Theriault*, 2006 WL 6584399, at *2 ("Unsupported allegations that FLSA violations were widespread and that other similarly situated employees exist are insufficient to warrant notice to potential class members."); *Rodriguez*, 2013 WL 5372529, at *6 (denying conditional certification, in part, because the affidavits submitted in support "contain nothing to show how the affiants came to have personal knowledge of Defendants' pay practices or how they came to hold a professedly 'firm belief' that such pay practices are employed 'for all employees working as gold buyers'").

### 3. No Class May Be Certified Because There Is No Evidence Any Similarly Situated Individuals Want To Join This Lawsuit

As most courts, including many within this District, that have addressed the issue squarely have held, conditional class certification is not appropriate unless the plaintiff proves that similarly situated individuals want to join the lawsuit. *See Aguirre*, 2006 WL 964554, at *6. "A plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit." *Morales*, 2009 WL 2524601, at *3 (denying conditional certification and notice based on a finding that plaintiff's affidavit, standing alone, was insufficient to establish that similarly situated individuals wanted to opt in). Thus, even if Plaintiffs were to have offered proof sufficient to support their assertion that they are similarly situated to the members of the putative class, which they have not, their request for conditional certification and notice would remain fatally deficient because the record before the Court is devoid of any evidence that anyone other than Plaintiffs want to join this lawsuit.

Significantly, even though more than eight (8) months have passed since Plaintiffs filed their amended complaint in this lawsuit, Plaintiffs remain the only consents on file. And even though Plaintiffs each assert that "after speaking to other Salaried Employees" they each "know others would be interested to learn that they may recover unpaid overtime" (*See* Plaintiffs' Motion Ex. 1, ¶ 14, Ex. 2, ¶ 17, Ex. 3, ¶ 14 and Doc. #30, ¶ 14), Plaintiffs' Motion is supported by nothing other than their own objectionable declarations that do not even define who these Salaried Employees are and whether they are even members of the putative class definition.

The declarations fail to specifically identify any person Plaintiffs assert to be similarly situated. Nor do they identify anyone who has expressed interest in joining the lawsuit outside of Plaintiffs. The absence of evidence even suggesting that similarly situated individuals desire to opt in dictates that Plaintiffs' Motion be denied. *See Carey v. 24 Hour Fitness USA, Inc.*, No. H-10-3009, 2012 WL 4857562, at *3 (S.D. Tex. Oct. 11, 2012) (Atlas, J.) ("To the extent that a plaintiff in an FLSA lawsuit is required to demonstrate that other similarly-situated individuals are interested in joining the lawsuit, Plaintiff ... has failed to satisfy that requirement in this case. On this basis, as well as based on the absence of adequate similarity among the circumstances of the individual Membership Counselors, the Motion to Certify is denied."); *Theriault*, 2006 WL 6584399, at *3 ("Because Plaintiff has not presented any evidence, other than his own, conclusory statements, that there are similarly situated employees who would opt in to his proposed class, notice to potential class members is not warranted.").

The requirement that a plaintiff present a modicum of proof that others want to join plaintiff's lawsuit is an important safeguard against the improper use of FLSA collective actions as burdensome and expensive fishing expeditions for enterprising plaintiffs and their counsel. *See Simmons*, 2007 WL 210008, at *9 ("The Court concludes that a showing is necessary that at least a few similarly situated individuals seek to join the lawsuit. Others' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action."); *see also Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) ("[T]his court is mindful that it, like practicing attorneys, has a

10

responsibility to refrain from stirring up unwarranted litigation."); *Xavier*, 585 F. Supp. 2d at 878 ("[E]mployers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendant's expense.").

### B. PLAINTIFFS' PROPOSED CLASS DEFINITION IS IMPROPERLY OVERBROAD

Plaintiffs request certification of a class of:

> All employees (the "Salaried Employees) who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at the corporate headquarters of Defendants, located at 2021 Bingle Road, Houston, Texas 77055 ("Corporate Headquarters"), who were not paid overtime at a rate of one and one half times their regular rate for hours worked in excess of forty (40) hours per each workweek.

(Plaintiffs' Motion, at 6.) This class is impermissibly overbroad – effectively it is every JFE employee who works at the corporate headquarters who allegedly did not receive overtime pay in violation of the FLSA. It is not limited to salaried employees, despite the term "Salaried Employees," as the actual definition does not exclude any hourly workers. The only real limitation in addition to the time limit is the geographic limitation to the corporate office, which was essentially the only change made by Plaintiffs since they withdrew their previous Motion to Conditionally Certify a Collective Action and to Issue Notice. Courts have rejected as inappropriate and impermissibly overbroad classes defined vaguely by job function, rather than title. *See, e.g.*, Ryan, 497 F. Supp. 2d at 827 ("To the extent that the plaintiffs seek for the class to include all employees who 'sold placement services,' the court is in agreement with the defendants—defining the class in such a manner is overly broad."). Here, we have much less than the *Ryan* court – there is no evidence in the record of even the job function or job titles of any putative class members.

Finally, any proposed class should be limited to three (3) years before the Court approves notice, not three (3) years before Plaintiffs' filed this lawsuit. The statute of limitations for FLSA overtime violations does not toll for other putative plaintiffs until they opt into the lawsuit. *See Watson v. Travis Software Corp.*, 2008 WL 5068806, at *8 (S.D. Tex. Nov. 21, 2008) (limiting the class period in the case to "three years before the issuance of notice is approved").

Defendants submit that there are fundamental and insurmountable hurdles to Plaintiffs establishing that conditional certification and notice are appropriate in this case. But if this were not the case and a class could be conditionally certified, such a class should be defined by job title (or equivalent classification), based on a similarity in job duties, and paid on a salary basis like Plaintiffs.

**C.   TO THE EXTENT A CLASS IS CONDITIONALLY CERTIFIED AND THE COURT AUTHORIZES NOTICE TO PUTATIVE CLASS MEMBERS, PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORMS SHOULD BE MODIFIED TO ENSURE ACCURACY, CLARITY, AND NEUTRALITY**

A district court plays a critical role in assuring that any notice to putative class members is accurate, not misleading, and neutral. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170- 74 (1989). If the Court determines that notice should be authorized here, Defendants respectfully submit that Plaintiffs' proposed Notice to Potential Plaintiffs ("Notice") and Consent Form should be modified as follows:

1. The Notice should be supplemented to include Defendants' position on the claims asserted. The Notice as proposed does not explain that Defendants deny Plaintiffs' allegations and deny that Plaintiffs and the putative class members are entitled to relief. Any Notice should be supplemented to include this information. *See, e.g., Snide v. Discount Drug Mart, Inc.*, Civ. No. 1:11CV0244, 2011 WL 5434016, at *7 (N.D.

    Ohio Oct. 7, 2011) (finding that notice must set forth defendant's denials of plaintiffs' allegations).

2.  The Notice and Consent Form should state that the Consent Form is returnable to the Court, not Plaintiffs' counsel. "[C]lass members who wish to opt-in must return their opt-in forms directly to the Court, not to counsel for Plaintiff." *Tolentino v. C&J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010). Currently both the Notice and Consent Form instruct putative class members to return the Consent Form to Plaintiffs' counsel. (Plaintiffs' Motion, Ex. 5.)

3.  The Notice should advise recipients that they have the right to choose their own counsel. "[T]he notice must inform potential class Plaintiffs that they may contact any attorney of their choosing to discuss the case." *Tolentino*, 716 F. Supp. 2d at 655. The proposed Notice contains no such information. (Plaintiffs' Motion, Ex. 5.) Similarly, the Consent form appears to suggest putative class members must choose Plaintiffs' counsel. (Plaintiffs' Motion, Ex. 6.) This should be corrected.

4.  Errors in the Notice should be corrected. Namely, the class definition in the Notice is different than the class definition in Plaintiffs' Motion. The latter appears to be limited to employees paid on a salary basis. The former does not.

### D. TO THE EXTENT THE COURT COMPELS DEFENDANTS TO PRODUCE CONTACT INFORMATION FOR PUTATIVE CLASS MEMBERS, DEFENDANTS SHOULD BE AFFORDED MORE THAN TEN (10) DAYS TO COMPLY

Because Defendants submit that Plaintiffs have failed to satisfy their burden to establish that conditional certification and notice are appropriate, they oppose Plaintiffs' request for an order compelling the production of the putative class members' names, last known addresses, and phone numbers, and e-mail addresses. (Plaintiffs' Motion, at 16-17.) However, in the event the Court determines that the production of putative class member contact information is appropriate, Defendants request that they be afforded twenty (20), rather than ten (10) days, to produce such information.

13

## III.  CONCLUSION

Collective actions are burdensome and expensive for all parties.  The burden is warranted when there is evidence that collective treatment of claims promotes judicial economy and the remedial purposes of the FLSA.  But in the absence of such evidence, and where, like here, there is no proof that similarly situated individuals exist and want to collectively prosecute their claims, granting conditional certification and authorizing notice would serve no purpose other than to stir up unwarranted litigation.  Because a court must guard against doing this, and for all of the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion.

Respectfully submitted,

By: */s/ Daniel Patton*
    Daniel Patton
    Federal Bar No. 26200
    Texas Bar No. 24013302
    *dpatton@scottpattonlaw.com*

ATTORNEY IN CHARGE FOR DEFENDANT

OF COUNSEL:

Jarod Bonine
Federal Bar No. 76445
Texas Bar No. 24040544
*jboinine@scottpattonlaw.com*

**SCOTT PATTON PC**
3939 Washington Ave, Suite 203
Houston, Texas 77007
Phone:  (281) 377-3311
Fax:  (281) 377-3267

## CERTIFICATE OF SERVICE

      I certify that on June 8, 2018 that a true and correct copy of this pleading was served on all counsel of record by the Court's ECF filing system.

                                              */s/ Daniel Patton*
                                              Daniel Patton