United States District Court
Southern District of Texas
**ENTERED**
August 20, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Seong Song and Jae Bak Bae,** Individually and on behalf all others similarly situated, | § § § § § | |
| *Plaintiffs* | § § | No. 4:17-cv-1775 |
| v. | § § | |
| **JFE Franchising Inc. and Jim Kim,** | § § | |
| *Defendants* | § § § | |

## MEMORANDUM AND ORDER ON CONDITIONAL CERTIFICATION

Currently pending before the Court[1] is Plaintiffs' Seong Song ("Song"), Jae Bak Bae ("Bae"), Matthew Kim ("Kim"), and Jonathan Olvera ("Olvera") (collectively referred to as "Plaintiffs") motion for conditional certification. Pls.' Am. Mot. Condit. Cert., ECF No. 29 ("Motion").[2] After considering the briefing, arguments of counsel, evidence, and applicable law, the Court determines that Plaintiffs' Motion should be granted as modified.[3]

---

[1] On March 28, 2018, United States District Judge Kenneth Hoyt referred this case to this Court to conduct all future proceedings pursuant to 28 U.S.C. § 636. Order, ECF No. 23.

[2] Defendants opposed the motion to certify. Defs.' Resp. to Am. Mot. Condit. Cert., ECF No. 31. Plaintiffs filed a reply. Pls.' Reply, ECF No. 32. Defendants filed a sur-reply. Defs.' Sur-Reply, ECF No. 33.

[3] A motion for conditional certification under the FLSA is a non-dispositive matter appropriate for a United States Magistrate Judge to decide under 28 U.S.C. § 636(b)(1)(A). *Moreno v. Nat'l Oilwell Varco. L.P.,* No. 4:17-cv-782, 2018 WL 1932550, at *1 n. (S.D. Tex. Apr. 23, 2018).

1

# I. BACKGROUND

On June 9, 2017, Plaintiffs Song and Bae filed this action against JFE and Jim Kim individually and on behalf of others similarly situated to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), 216(b). Pl.'s Compl., ECF No. 1.[4] Defendant JFE is a franchise licensing company with headquarters in Houston, Texas, engaged in franchising sushi kiosks in retail grocery chains across the United States. ECF No. 46 at 3-4; Defs.' Am. Ans., ECF No. 47 at ¶¶ 8, 9, 18.

Each of the Plaintiffs had different job titles, but all were required to perform certain tasks outside their normal job function. For Plaintiffs Song, Bae, and Kim, these tasks included but were not limited to traveling, washing dishes, making sushi, cooking rice, and serving and cleaning up at store locations or at private functions that the JFE executives hosted. ECF No. 46 ¶¶ 20, 23, 26, 29. Plaintiff Olvera was required to perform tasks unrelated to his job that included maintenance at Jim Kim's house, yard, and vehicles. *Id.* ¶ 30. Plaintiffs allege they were required to work more than 40 hours per week to perform these tasks. *Id.* ¶¶ 20, 23, 26, 29, 30, 32. Plaintiffs claim that they were each paid a salary as an exempt employee and were not paid overtime for their work over 40 hours per

---

[4] Plaintiffs amended their complaint several times. Am. Compl., ECF No. 2; Second Am. Compl., ECF No. 15 (adding Kim and Olvera as named plaintiffs); Third Am. Compl., ECF No. 19; Fourth Am. Compl., ECF No. 46.

week. *Id.* ¶ 31. Plaintiffs allege that the Defendants had a uniform compensation practice to classify all salaried employees as exempt from the FLSA overtime requirement and would not pay for overtime in violation of the FLSA. *Id.* ¶ 40; ECF No. 29 ¶ 2.

Plaintiffs define the class members as:

> All employees (the "Salaried Employees") who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at the corporate headquarters of Defendants, located at 2021 Bingle Road, Houston, Texas 77055 ("Corporate Headquarters"), who were not paid overtime at a rate one and one-half times their regular rate for hours work in excess of forty (40) hours per each workweek.

ECF No. 29 ¶ 1.

Plaintiffs filed their Motion, seeking conditional certification of this class. In response, Defendant asserts that the class definition is too vaguely defined and overbroad and the Motion lacks sufficient evidentiary support, so it should be denied. ECF No. 31 at 1-3.

## II. LEGAL STANDARD

The FLSA provides that

> no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA creates a cause of action for an employee to sue his employer for violating the overtime compensation requirements. It also permits

a court to order a case to proceed as a collective action on behalf of "other employees similarly situated." *Id.* § 216(b). Section 216(b) provides for an opt-in procedure for other similarly situated employees to join the action. *Vaughn v. Document Grp. Inc.*, 250 F. Supp. 3d 236, 239 (S.D. Tex. 2017); *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015). Courts favor FLSA collective actions because they reduce costs for the individual plaintiffs and create judicial efficiency. *Austin*, 161 F. Supp. 3d at 461.

The decision on whether to certify a suit as a collective action under the FLSA and approve notice to potential plaintiffs is committed to the sound discretion of the court. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995); *Shaw v. Jaguar Hydrostatic Testing, LLC*, No. 2:15–CV–363, 2017 WL 3866424, at *3 (S.D. Tex. Sept. 5, 2017) (district courts have discretion to order notice to potential plaintiffs). In deciding whether to certify an FLSA lawsuit, the Fifth Circuit has affirmed use of the lenient two-stage approach. *Kibodeaux v. Wood Grp. Prod.*, No. 4:16-CV-3277, 2017 WL 1956738, at *1 (S.D. Tex. May 11, 2017) (citations omitted); *accord Vaughn*, 250 F. Supp. 3d at 239. Both stages occur before the court assesses the merits of the case. *Vaughn*, 250 F. Supp. 3d at 239. At neither stage does the court decide factual disputes or make credibility determinations. *Id.*

At the first stage, the court decides whether to conditionally certify a class for individuals to opt-in and be bound by the outcome of the case. *Id.* If the court decides to conditionally certify a class, the court issues notice to potential class members. *Kibodeaux*, 2017 WL 1956738, at *1. The court makes this decision based on the pleadings and any submitted affidavits. *Id.*; *Austin*, 161 F. Supp. 3d at 463. Because the court has minimal evidence at the notice stage, the court uses a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Kibodeaux*, 2017 WL 1956738, at *1 (citations omitted).

At the second stage, after some or all discovery has been completed, a defendant may choose to file a motion for decertification. *Id.* at *2; *Vaughn*, 250 F. Supp. 3d at 239. At that time, the court considers any additional evidence the parties submitted to determine whether to decertify the class because its members are not similarly situated. *Kibodeaux*, 2017 WL 1956738, at *2; *Vaughn*, 250 F. Supp. 3d at 239.

### III. ANALYSIS

**A. Plaintiffs' Motion Meets the First Stage's Lenient Showing**

To prevail at this stage, a plaintiff must make a minimal showing of three elements:

> (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.

*Kibodeaux*, 2017 WL 1956738, at *2; *Vaughn*, 250 F. Supp. 3d at 240; *Austin*, 161 F. Supp. 3d at 462.[5]

### 1. Plaintiffs sufficiently established that other aggrieved individuals exist who were subject to an allegedly unlawful policy.

A factual basis for the allegations is needed to satisfy the first step. McKnight v. D. Houston, Inc., 756 F.Supp.2d 794, 801 (S.D. Tex. 2010). Specifically, the plaintiffs must demonstrate "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." Flowers v. MGTI, LLC, No. 4:11-CV-1235, 2012 WL 1941755, at *3 (S.D. Tex. May 29, 2012) (citations omitted). The court should deny the motion for conditional certification "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." Walker v. Honghua Am., LLC, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). Plaintiffs "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Austin*, 161 F. Supp. 3d at 464 (citing *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916-17 (S.D. Tex. 2010)). To do so, Plaintiffs must, at a

---

[5] Some courts in this District have rejected the third element because it is not statutorily required. *Wade v. Furmanite Am. Inc.,* No. 3:17-cv-169, 2018 WL 2088011, at * 3 (S.D. Tex. May 4, 2018) (Edison, J.) (collecting cases). In those cases, the courts did not require the plaintiffs to present evidence that other individuals want to join the lawsuit to obtain conditional certification. *Id.*

minimum, identify other employees who were subject to the same policy or plan. *Id*.

Only Song and Bae were Plaintiffs when this case was first filed. ECF No. 1. Kim and Olvera joined the suit later. ECF No. 15. Thus, two aggrieved individuals already joined this suit as named plaintiffs. The four named Plaintiffs submitted their declarations in support of the assertion that there were other aggrieved employees who worked at FJE and were not paid for their overtime, without identifying them by name. Bae Decl. at ¶¶ 12-14, ECF No. 29-2; Kim Decl. at ¶¶ 12-14, ECF No. 29-3; Olvera Decl. at ¶¶ 12-14, ECF No. 29-4; Song Decl. at ¶¶ 12-14, ECF No. 30. Plaintiffs stated that they knew this information based on their discussions with co-workers about the pay at JFE. Bae Decl. at ¶ 12, ECF No. 29-2; Kim Decl. at ¶ 12, ECF No. 29-3; Olvera Decl. at ¶ 12, ECF No. 29-4; Song Decl. at ¶ 12, ECF No. 30. Defendants assert that these declarations are insufficient. ECF No. 31 at 5.

The Court finds that the Plaintiffs' four declarations, along with two of the Plaintiffs joining this suit after it was filed, is sufficient evidence to credit their assertion that other aggrieved individuals exist who were subjected to the same pay policy. *See Wade,* 2018 WL 2088011, at *4 (finding sufficient declarations of named plaintiff and one other individual who stated he had similar job duties and compensation structure); *Vaughn*, 250 F. Supp. 3d at 240 (finding sufficient

7

plaintiff's affidavit along with affidavit of another who stated he was misclassified as an independent contractor, was not paid overtime wages, and estimated fifteen other similar employees exist, naming three); *Davis v. Mostyn Law Firm, PC*, No. 4:11-CV-02874, 2012 WL 163941, at *6 (S.D. Tex. Jan. 19, 2012) ("Plaintiffs assert that they worked with, knew of, and conversed with other salaried paralegals who worked more than forty hours per week and were also denied overtime pay," including one named employee).

### 2. Plaintiffs sufficiently established that the other aggrieved employees are similarly situated.

For the class representatives to be considered similarly situated to the potential opt-in class members, the representative plaintiffs must "present some factual support for the existence of a class-wide policy or practice." *Vaughn*, 250 F. Supp. 3d at 239. Plaintiffs must show that "those aggrieved individuals are similarly situated to the plaintiff[s] in relevant respects given the claims and defenses asserted." *See Wade,* 2018 WL 2088011, at *4 (citations omitted). The FLSA requires that the positions be *similar,* not necessarily identical. *Id.; Vaughn*, 250 F. Supp. 3d at 241; *Kibodeaux*, 2017 WL 1956738, at *2 ("the court need not find uniformity in each and every aspect of employment"). "Plaintiffs are generally required to have held similar jobs, because the nature of the work performed by each plaintiff will determine either (a) whether an FLSA violation occurred and (b)

whether a relevant FLSA exemption[6] applies." *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15– CV–330–RP, 2015 WL 7075971, at *3 (W.D. Tex. Oct. 5, 2015) (citations omitted). The purpose of requiring class members to have similar job positions is to ensure judicial efficiency by "avoiding the need for individualized inquiries into whether a defendant's policy violates the FLSA as to some employees but not others." *Id.* (citations omitted).

Defendants oppose conditional certification because the Plaintiffs had different job titles and responsibilities and their declarations contain no information about the job requirements of the putative class members. ECF No. 31 at 5-6. Defendants further assert that the declarations are too vague to support finding that the other aggrieved employees were subject to the same pay practices. *Id.* at 8.

Plaintiffs acknowledge that the each of them and the other aggrieved employees have different job titles, but allege they were all subject to the same pay policy as salaried employees who were required to perform additional tasks without payment for their overtime. ECF No. 29 at ¶¶ 7-9. They argue that these

---

[6] Defendants have asserted exemptions exist as an affirmative defense, which is a merits based inquiry not properly determined at the notice stage. ECF No. 47 ¶ 61; *see Elliott v. Dril-Quip, Inc.*, No. H-14-1743, 2015 WL 7302764, at *5 (S.D. Tex. Nov. 18, 2015) ("[T]he application of an exemption [in an FLSA case] is an affirmative defense…."); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 U.S. Dist. LEXIS 101297, at *9 (S.D. Tex. Dec. 11, 2008) ("[E]xemptions are merits based defenses to an FLSA claim."); *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-00738, 2012 U.S. Dist. LEXIS 12911, at *2 n.1 (S.D. Tex. Feb. 2, 2012) (Atlas, J.) ("At this [notice] stage, the Court does not address the merits of Defendant's contentions.").

dissimilarities are legally irrelevant because the alleged FLSA violations do not turn on the work performed under their regular job duties; instead, they were allegedly denied overtime for performing the same type of non-exempt work that caused them to work overtime for which they were not paid. ECF No. 29 at 14. The declarations show that three of the Plaintiffs, Bae, Song, and Kim, were required to work unpaid overtime to travel, cook, serve, and clean at stores or company hosted functions. Olvera was required to work unpaid overtime on Jim Kim's house, lawn, and cars. These affidavits are sufficient to show that the Plaintiffs were all required to work unpaid overtime and perform work that would otherwise entitle them to overtime pay. These allegations and evidence are sufficient to show that the class members were victims of a single decision, policy, or plan.

The *Tamez* case is instructive. In *Tamez*, the plaintiff asked the court to conditionally certify a proposed class consisting of "all BHP Billiton employees who were paid a day rate, regardless of the nature of their responsibilities." *Tamez*, 2015 WL 7075971, at *2. This broad definition included employees with at least eight different job titles and job responsibilities. *Id.* BHP Billiton argued that due to the stark differences between the duties and responsibilities of each job title, the proposed "class members ... [were] not similarly situated." *Id.* The *Tamez* court rejected BHP Billiton's argument, finding that (1) Tamez's day rate allegation

10

amounted to a *per se* FLSA violation that did not depend on the job title or responsibilities of each particular plaintiff; and (2) BHP Billiton had failed to demonstrate why any differences in job titles and responsibilities among class members would be relevant given the day rate allegation. *Id.* at *3-4. Based on these findings, the *Tamez* court conditionally certified the class, explaining:

> The class definition proposed by Plaintiffs is admittedly broad. But, the Court nonetheless finds that dissimilar job responsibilities among the class have not been shown to be relevant to the Plaintiffs' FLSA allegations and, thus, are not a barrier to conditional certification.

*Id.* at *4. At least one court in this district has followed *Tamez*. *Wade,* 2018 WL 2088011, at *4.

Like *Tamez*, Plaintiffs allege that they were paid a salary without regard for the number of hours worked—i.e., without regard for whether they worked in excess of 40 hours each work week. Moreover, Plaintiffs allege that they were required to work overtime to perform tasks that were non-exempt and not part of their regular duties as salaried employees. Defendants have failed to show why any differences in the job titles and responsibilities would be relevant to these allegations. If Plaintiffs' allegations are true, such a compensation scheme is a *per se* violation of the FLSA, and JFE would be in violation of the FLSA with regard to every putative plaintiff regardless of their particular job position. Because Plaintiffs allege that the compensation scheme is in of itself a violation of the

11

FLSA, "liability can be determined collectively without limiting the class to a specific job position." 2015 WL 7075971, at *3; *Wade,* 2018 WL 2088011, at *4.

### 3. Plaintiffs sufficiently established that additional aggrieved individuals want to join this lawsuit.

Plaintiffs must offer evidence not only that other putative class members exist who were the victims of a single decision, policy, or plan, but that these aggrieved persons want to join the lawsuit. *Davis*, 2012 WL 163941, at *10 (quoting *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2017)).

Here, Plaintiffs provided evidence that the other aggrieved persons want to join this lawsuit. In fact, two of the named Plaintiffs, Kim and Olvera, joined this action after it was filed. ECF Nos. 15. The fact that they joined the case as named plaintiffs instead of as opt-ins is not significant. In addition, the Plaintiffs stated in their declarations that they were aware of others "who would be interested to learn that they may recover unpaid overtime" from Defendants. Bae Decl. at ¶ 14, ECF No. 29-2; Kim Decl. at ¶ 14, ECF No. 29-3; Olvera Decl. at ¶ 14, ECF No. 29-4; Song Decl. at ¶ 14, ECF No. 30. This is sufficient to establish that others seek to join the lawsuit. *Kibodeux*, 2017 WL 1956738, at *3 (finding evidence of one potential claimant who wished to opt-in was sufficient); *Vaughn*, 250 F. Supp. 3d at 244 (same).

### 4. The Class is limited to three years prior to the Court's approval of notice.

The "relevant period for an FLSA claim based on unpaid overtime wages is two years, and three years if the plaintiff can prove a willful violation." *Moreno v. National Oilwell Varco, L.P.*, No. 4:17-cv-782, 2017 WL 5904909, at *7 (S.D. Tex. Nov. 29, 2017) (citing 29 U.S.C. § 255(a)). "Each individual claimant has its own time period depending on when he or she joins the case." *Id.* (citing 29 U.S.C. § 256(b)).

Plaintiffs request that the class include employees who worked at JFE during the three years immediately preceding the filing of this lawsuit. ECF No. 29 at 6. Defendants request that, if a class is conditionally certified, the Court narrow the date of the proposed class to three years before notice is approved. ECF No. 31 at 12. The class is appropriately limited to those employed within the three year period immediately prior to the date this Court approves notice. *See Moreno*, 2017 WL 5904909, at *7 (citing *Diaz v. Applied Mach. Corp.*, No. H-15-1282, 2016 WL 3568087, at *10 (S.D. Tex. June 24, 2016)).

### 5. The scope of the class is limited.

Defendants also complain that the scope of the class is too broad because it does not define the "Salaried Employees" beyond all employees at the Corporate Headquarters and could include hourly workers. ECF No. 31 at 11.[7] In their

---

[7] In their fourth amended complaint, Plaintiffs use a different definition of the class, not limited

Motion, Plaintiffs' discussion refers to the Salaried Employees as those who were paid a salary and treated as exempt, but required to perform non-exempt tasks during overtime hours without pay. *See, e.g.,* ECF No. 29 at 8; ECF No. 32 at 8. Thus, the conditional class shall include:

> All current and former employees who worked at the corporate headquarters of Defendants, located at 2021 Bingle Road, Houston, Texas 77055 ("Corporate Headquarters"), were classified as salaried employees, were required to perform other tasks outside their salaried position, and were not paid overtime at a rate one and one-half times their regular rate for hours worked in excess of forty (40) hours per each workweek (the "Salaried Employees"), during the three year period immediately prior to the date this Court approves notice.

## B. The Parties Must File Their Proposed Notice and Consent Form.

As ordered at the status conference, the Parties shall confer and supply the Court with a proposed Notice and Consent form no later than August 31, 2018. Order, ECF No. 45.

## C. Defendants Shall Supply Employee Contact Information

Defendants shall provide Plaintiffs' counsel with the names, last known home addresses, email addresses, and phone numbers for all of the putative class members for the notice period no later than August 31, 2018.

Plaintiffs have also requested that the Court enter an order prohibiting Defendants from communicating with any putative class members about

---

to the corporate headquarters, which was similar to the class definition in their original motion for conditional certification, which they withdrew. ECF No. 25 at 6. The Court will use the class definition from the amended motion, as modified in this order.

outstanding wage claims or matters related to this suit. ECF No. 29 at 18. Plaintiffs claim that they and "other employees have been routinely threatened with termination and/or actually terminated for complaining about unpaid wages," justifying such an order. *Id.* Plaintiffs have not provided the Court with any supporting evidence. Because the FLSA expressly prohibits Defendants from firing or otherwise discriminating against any employees for exercising their FLSA rights, based on the current record, the Court denies this request. *See* 29 U.S.C. § 215 (a)(3).

## IV. CONCLUSION

The Court hereby **ORDERS** that

1. Plaintiffs' motion for conditional certification is **GRANTED** in part, as follows:

    The class is conditionally certified as to:

    All current and former employees who worked at the corporate headquarters of Defendants, located at 2021 Bingle Road, Houston, Texas 77055 ("Corporate Headquarters"), were classified as salaried employees, were required to perform other tasks outside their salaried position, and were not paid overtime at a rate one and one-half times their regular rate for hours worked in excess of forty (40) hours per each workweek (the "Salaried Employees"), during the three year period immediately prior to the date this Court approves notice.

2. The Parties shall file their proposed notice and consent form by August 31, 2018.

3. Defendants shall provide Plaintiffs with the putative class members' contact information by August 31, 2018.

4. In all other respects, Plaintiffs' motion is **DENIED.**

Signed on August 20, 2018, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**